Chief Justice Robertson,
delivered the opinion of the court.
Hagan sued Neil and Rogers in trespass, in the Union circuit court: Process was served on Neil in-Union, and on Rogers in Nelson, A verdict and judgment was rendered in favor of Neil on a plea of not guilty, but against Rogers for damages, by default.
The circuit court had jurisdiction against Rogers, merely because Neil was sued as a co-defendant. In such a case, the law will not sustain a judgment against Rogers, unless one had also been obtained against Neil; the service of process on whom, in Union county, alone gave the circuit court jurisdiction against Rogers; see 4th sec. of an act of 1812, (I. Dig. 264.) If this judgment could be sustained, the section referred to might be easily perverted, and its proviso evaded by .the artifice of a cunning or fraudulent plaintiff, who, by associating a friend ora stranger as a fictitious'defendant, and serving process on him in any county in the state, might give jurisdiction to the court, in that county, against any person in any other county in the slate.
Wherefore, as Neil succeeded in the action, the circuit court had no right to render judgment against Rogers.
Judgment reversed, and cause remanded with instructions to arrest the judgment against Rogers.